DARIN D. SMITH
United States Attorney
JASMINE M. PETERS (WY Bar # 7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2984
jasmine.peters@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 2:25-cv-109-ABJ |
| BRETT M. LATTIN; POWDER HORN HOMEOWNERS ASSOCIATION, INC.; WELLS FARGO BANK, N.A.; COLLECTION PROFESSIONALS, INC.; and SHERIDAN COUNTY, WYOMING, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION FOR DEFAULT JUDGMENT

The United States of America, by and through the United States Attorney for the District of Wyoming and Assistant United States Attorney Jasmine M. Peters, brings this *Motion for Default Judgment* against Defendants Brett M. Lattin (Lattin) and Wells Fargo Bank, N.A. (Wells Fargo) pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

### INTRODUCTION

After years of attempting to obtain compliance from Defendant Lattin to pay his outstanding restitution owed pursuant to the Criminal Judgment in Docket No. 2:10-cr-00088-ABJ, the United States filed this action to foreclose on his real property located at

10 Oak Tree Court, Sheridan, Wyoming 82801-8000 (property). Consistently, Defendant Lattin has avoided providing financial information to the United States, has eluded the United States' efforts to serve him with discovery, and has not paid on his outstanding financial obligations. In an effort to collect on the outstanding judgment, the United States through the United States Attorney's Office for the District of Wyoming (USAO), Financial Litigation Program (FLP) filed this action to sell Defendant Lattin's property. The proceeds received from the sale will be applied to partially satisfy Defendant Lattin's outstanding debt.

The United States has properly served all Defendants, entered stipulations with Defendants Powder Horn Homeowners Association, Inc. and Collection Professionals, Inc., obtained a disclaimer of interest from Defendant Sheridan County, Wyoming, and obtained entries of default against Defendants Wells Fargo and Lattin. Defendants Wells Fargo and Lattin have had ample opportunity to file an answer or otherwise respond to the complaint but have failed to do so. Accordingly, this matter is ripe for the Court to enter default judgment and to authorize the United States to sell Defendant Lattin's property.

## BACKGROUND

### A. Factual Background

This action stems from, and is related to, Docket No. 2:10-cr-00088-ABJ. On June 18, 2010, Defendant Lattin was sentenced for Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. (Doc. 1 at 21–28). Defendant Lattin was sentenced to forty-one months of imprisonment, three years of supervised release, $2,450,000.00 in restitution, and a $100.00 mandatory special assessment. (*Id.* at 22–27). The Court ordered the restitution to be paid joint and several with his co-defendant Mark Allen McGregor. (*Id.* at 27). Pursuant to 18

U.S.C. § 3613(c), upon the pronouncement of the sentence on June 18, 2010, a lien arose against all property rights belonging to Defendant Lattin.

The FLP, within the USAO, began enforcing against the debt owed after this Court entered judgment. The FLP is responsible for collecting on outstanding judgments that contain monetary components, including criminal judgments. The authority to enforce and collect on the criminal judgment is derived from the Mandatory Victim Restitution Act (MVRA) and the Federal Debt Collection Procedure Act (FDCPA).

On July 12, 2010, the United States, through the FLP, perfected its lien by recording notice of it in the Official Public Records of the Sheridan County Clerk/Recorder at Instrument No. 673980, Book 2, Page 103. (*Id.* at 29). Since 2010, the FLP has placed Defendant Lattin on the Treasury Offset Program, sent requests for financial information, obtained garnishments, and attempted to serve discovery. Recently, in May of 2024, the FLP served Defendant Lattin with Interrogatories and Requests for Production. Defendant Lattin refused to provide the required information which led to a motion to compel and motions for order to show cause. (*See* Docket No. 2:10-cr-00088-ABJ, Docs. 68–75). However, Defendant Lattin purposefully avoided service of process, resulting in the United States resetting and vacating the show cause hearing. (Docket No. 2:10-cr-00088-ABJ, Docs. 74, 76).

Nevertheless, the United States continued to investigate Defendant Lattin. By March of 2025, the FLP learned Defendant Lattin owns real property located at 10 Oak Tree Court, Sheridan, Wyoming 82801-8000, with the following legal description:

> Lot 23, Block BB, Powder Horn Ranch II Planned Unit Development, a subdivision in Sheridan County, Wyoming, filed as Plat P-67 in the Office of the Sheridan County Clerk.

(Doc. 1 at 30–32). The FLP also learned that an Assignment of Mortgage was granted to Defendant Wells Fargo for the property on August 22, 2022, recorded on August 22, 2022, at Instrument No. 2022-780999. (*Id.* at 33). The Mortgage was for $480,000.00, recorded July 2, 2020, at Instrument No. 2020-759764. (*Id.* at 33–43).

After obtaining a title report from Sheridan County Title Insurance Company, the FLP discovered junior liens on the property. On August 15, 2022, Rathmar LLC assigned a judgment entered against Defendant Lattin in the Circuit Court, Fourth Judicial District, Sheridan County, Wyoming, Docket No. CV2021-917, to Defendant Collection Professionals, Inc. in the amount of $3,786.15. (*Id.* at 44–46). On January 18, 2023, a Default Judgment was entered against Defendant Lattin in favor of Defendant Powder Horn Homeowners Association in the Circuit Court, Fourth Judicial District, Sheridan County, Wyoming, Docket No. CV-2022-113, in the amount of $7,043.58. (*Id.* at 47–55). The title report also disclosed that Defendant Lattin and Defendant Wells Fargo entered into a Loan Modification Agreement, providing for a fixed interest rate, recorded on September 8, 2023, at Instrument No. 2023-787593. (*Id.* at 56–63).

Considering Defendant Lattin's refusal to cooperate with the United States, the FLP determined the most efficient and effective method of collection against Defendant Lattin is through the sale of the property. Therefore, pursuant to 28 U.S.C. §§ 2001–2003, the United States seeks to foreclose its lien and sell the property, free and clear of all liens and encumbrances so that the net proceeds can be applied to the debt.

### B. *Procedural Background*

On May 1, 2025, the United States filed a *Complaint to Foreclose Lien* against Defendants Lattin, Powder Horn Homeowners Association, Inc., Wells Fargo, Collection Professionals, Inc.,

and Sheridan County, Wyoming.[1] (Doc. 1). Defendants Powder Horn Homeowners Association, Inc. and Collection Professionals, Inc. have stipulated to the relief requested by the United States. (*See* Doc. 3); (Doc. 23). Defendant Sheridan County, Wyoming has disclaimed any interest in the property subject to this action and requested dismissal from this case. (Doc. 11). The only remaining Defendants subject to this motion are Defendants Wells Fargo and Lattin.

The United States properly served Defendant Wells Fargo on May 2, 2025. (Doc. 17-2). Because Defendant Wells Fargo failed to timely file an answer or otherwise respond to the complaint, the United States filed a motion for entry of default. (Doc. 17). The Clerk of U.S. District Court entered default against Defendant Wells Fargo on July 31, 2025. (Doc. 20).

The United States attempted to personally serve Defendant Lattin in May of 2025 but was unsuccessful. (*See* Doc. 5-1). As a result, the United States filed a motion to serve Defendant Lattin by publication pursuant to FED. R. CIV. P. 4(e)(1) and WYO. R. CIV. P. 4(k)(1)(C) on June 3, 2025. (Doc. 5). This Court granted the United States' motion on June 6, 2025, authorizing service of Defendant Lattin by publication. (Doc. 6). Service by publication was complete in Laramie County, Wyoming on July 19, 2025, and Sheridan County, Wyoming on July 21, 2025. (*See* Docs. 14–15). According to the notice of publication, Defendant Lattin had thirty days from the date of the last publication to file an answer or otherwise respond to the complaint. (*See id.*). Because Defendant Lattin failed to timely file an answer or otherwise respond to the complaint, the United States filed a motion for entry of default against Defendant Lattin on August 21, 2025. (Doc. 21). The Clerk of U.S. District Court entered default against Defendant Lattin the next day. (Doc. 24).

After the United States filed the request for entry of default against Defendant Lattin, counsel Lee Stein contacted undersigned counsel purporting to represent Defendant Lattin.

---

[1] As of May 1, 2025, Defendant Lattin is not active duty. *See* Ex. 1 (Status Report, SCRA).

Undersigned counsel agreed to delay filing this motion for default judgment for fourteen days to allow Defendant Lattin the opportunity to complete a financial statement and propose an alternative resolution. As of this filing, no additional communications have been received by Mr. Stein and Defendant Lattin has, yet again, failed to comply with the United States' request for financial information.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After entry of default is accomplished, the non-defaulting party may move for default judgment pursuant to Rule 55(b). *See* FED. R. CIV. P. 55(b). Entry of default judgment is committed to the Court's sound discretion. *See e.g.*, *U.S. v. $285,350.00 in U.S. Currency*, 547 F. App'x 886, 887–88 (10th Cir. 2013) (finding no abuse of discretion for denying a motion to set aside default judgment); *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp*, 115 F.3d 767, 771 (10th Cir. 1997) ("Decisions to enter judgment by default are committed to the district court's sound discretion[.]").

## ARGUMENT

Defendant Lattin continues to avoid disclosing his financial information to the United States, has avoided service of process, and has not paid his restitution in full. To collect on the outstanding debt, the United States seeks judgment against Defendants Lattin and Wells Fargo to foreclose its lien and sell the property, free and clear, so that the net proceeds can be applied to the debt pursuant to 28 U.S.C. §§ 2001–2003. The United States is authorized to sell the property pursuant to the MVRA and FDCPA. *See* 28 U.S.C. § 3201(f).

The MVRA authorizes the United States to use the FDCPA to enforce restitution orders. *See* 18 U.S.C. § 3664(m)(1)(A)(i)–(ii). The United States is authorized under 18 U.S.C. § 3613(a) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA." *U.S. v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002) (citing 28 U.S.C. §§ 3001–3308 (1994)). Under the FDCPA, the United States is authorized to enforce against the outstanding restitution, including through the use of interrogatories, requests for production, garnishments, subpoenas, and depositions. *See* 28 U.S.C. § 3001 *et seq.* In addition, the FDCPA authorizes the United States "to sell, in accordance with sections 2001 and 2002, any real property subject to a judgment lien in effect under this section." *Id.* § 3201(f)(1).

Instead of complying with the United States' discovery requests, Defendant Lattin has actively avoided service of process and refused to cooperate. Defendant Lattin's disregard for the United States' collection efforts led the FLP to conduct a financial investigation of him, which revealed he owns property located in Sheridan, Wyoming. The United States anticipates the property to sell at a significant purchase price, possibly for more than $1,000,000.00. After the Court enters judgment in favor of the United States, the United States intends to file a motion to appoint a receiver to sell the property to achieve the highest amount. Accordingly, the Court should enter judgment against Defendants Lattin and Wells Fargo. Included with this motion is undersigned counsel's affidavit as to the outstanding restitution owed on the Criminal Judgment. *See* Ex. 2 (Peters Affidavit).

## CONCLUSION

For the reasons stated above, the United States respectfully requests the Court grant the *Motion for Default Judgment* and enter judgment against Defendants Lattin and Wells Fargo.

WHEREFORE, the United States prays for the following relief:

1. **GRANT** the United States' *Motion for Default Judgment* and **ORDER**;

2. The foreclosure of the federal lien and judgment and that Defendants' interest(s) in the property be sold free and clear of all liens, claims, and encumbrances, and in accordance with the law and practices of this Court;

3. The property be sold in one unit;

4. The proceeds of the sale of the property be distributed in the following order: (a) costs and expenses incurred in connection with the sale; (b) any valid taxes or assessments on the property; (c) any prior recorded liens; and (d) the remainder to the United States in partial satisfaction of Defendant Lattin's outstanding criminal debt;

5. That Defendants, any persons or entities claiming thereunder, and all persons or entities having liens inferior to the lien of the United States, either by mortgage, judgment, or decree, upon the property, and their personal representatives and all persons claiming to have acquired any interest in the property, subsequent to the filing of this action, be forever barred and foreclosed from all equity of redemption and claim to the mortgage or property, and every part thereof, after the delivery of the deed; and

6. For all other relief this Court deems just and appropriate.

Dated September 9, 2025.

DARIN D. SMITH
United States Attorney


*/s/ Jasmine M. Peters*
JASMINE M. PETERS
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion for Default Judgment* was filed and served on September 9, 2025, as follows:

| | |
|---|---|
| ATTN: Amanda Kay Achord<br>Powder Horn Homeowners Ass'n, Inc<br>1101 Sugarview Drive<br>P.O. Box 6608<br>Sheridan, WY 82801 | Electronic Filing |
| ATTN: Clint Beaver<br>County & Prosecuting Attorney<br>Dianna Bennett<br>148 S. Brooks St.<br>Sheridan, WY 82801 | Electronic Filing |
| Wells Fargo Bank, N.A.<br>424 N. Main St.<br>Sheridan, WY 82801 | U.S. Mail – postage prepaid |
| ATTN: Weston Graham<br>Collection Professionals, Inc.<br>C/O Accounting Department<br>P.O. Box 2088<br>Sheridan, WY 82801 | Electronic Filing |

| | |
|---|---|
| Brett M. Lattin<br>10 Oak Tree Court<br>Sheridan, WY 82801-8000 | U.S. Mail – postage prepaid |

 

*/s/ Amanda Hudson*
AMANDA HUDSON
United States Attorney's Office

Case 2:25-cv-00109-ABJ   Document 25   Filed 09/09/25   Page 10 of 10